UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRIAN BUTTON,

                                    Plaintiff,

   v.

                                                           9:11-CV-472

MICHELLE PARSONS, *et al.*,                (NAM/ATB)

                                    Defendants.
_____

BRIAN BUTTON, Plaintiff Pro Se
DANIEL R. RYAN, Smith, Sovik Law Firm,
for Michelle Parsons and Correctional Medical Care

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred by U.S. District Judge Norman A. Mordue, for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). Plaintiff filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, regarding incidents that occurred during his incarceration at Broome County Jail (Broome). Michelle Parsons and Correctional Medical Care filed a motion to dismiss plaintiff's complaint on August 26, 2011. (Dkt. No. 12). Plaintiff has not filed a response.

## DISCUSSION

**I.**    **Facts**

Plaintiff alleges that when he began serving his time at Broome County Jail, he

was taking numerous "heart and pain medications." (Compl. at 3). Plaintiff alleges that instead of receiving his medications "in their entireity [sic] as prescribed," he received instead "a series of generic forms of my medications and less of what was clinically prescribed." *Id.* Plaintiff alleges that due to missing "vital outpatient appointments" and "misdiagnosis," he suffered another heart attack.[1] *Id.*

## II.   Causes of Action

Plaintiff seeks significant monetary damages. Presently before the court is Michelle Parsons and Correctional Medical Care's Motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The court recommends that the motion be granted and plaintiff's claim be dismissed for the reasons discussed below.[2]

## III.   Motion to Dismiss—Legal Standards

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements

---

[1] Plaintiff had apparently suffered a heart attack prior to his time at Broom County Jail.

[2] The court notes that Dr. Butt has been served, but has failed to file a response, and is therefore not participating in the motion to dismiss. Because the court is recommending dismissal of plaintiff's complaint for failure to state a claim, it also recommends dismissing the complaint as to Dr. Butt for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). This section provides that the court may dismiss an *in forma pauperis* action *sua sponte* at any time if the court determines that, *inter alia*, the action fails to state a claim on which relief can be granted.

of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat *pro se* pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

### IV.  Medical Indifference

Interpreting plaintiff's complaint liberally, it appears plaintiff claims that defendants were deliberately indifferent to his medical needs because they did not provide him with appropriate medical treatment.

#### A.  Legal Standards

In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). The first element is objective and measures the severity of the deprivation, while the

second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing inter alia *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

The objective prong of the standard is satisfied "when (a) the prisoner was 'actually deprived of adequate medical care,' meaning prison officials acted unreasonably in response to an inmate health risk under the circumstances, and (b) 'the inadequacy in medical care is sufficiently serious.'" *Bellotto v. County of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006)). If the "unreasonable care" consists of a failure to provide any treatment, then the court examines whether the inmate's condition itself is "sufficiently serious." *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003). When a prisoner alleges "a temporary delay or interruption in the provision of otherwise adequate medical treatment," the court must focus on the seriousness of the particular risk of harm that resulted from the challenged delay or interruption, rather than the prisoner's underlying medical condition alone." *Id*. at 185. The standard for determining when a deprivation or delay in a prisoner's medical need is sufficiently serious, contemplates a condition of urgency that may result in degeneration of the patient's condition or extreme pain. *Bellotto v. County of Orange*, 248 F. App'x at 236 (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) and *Smith v. Carpenter*, 316 F.3d at 187 (actual medical consequences are highly relevant)).

The subjective prong of the deliberate indifference test is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that

risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  A plaintiff is not required to show that a defendant acted or failed to act "for the very purpose of causing harm or with knowledge that harm will result," but must show that the official was aware of facts from which one could infer that "a substantial risk of serious harm" exists, and that the official drew that inference.  *Id*. at 835, 837.  The defendant must be subjectively aware that his or her conduct creates the risk; however, the defendant may introduce proof that he or she knew the underlying facts, but believed that the risk to which the facts gave rise was "insubstantial or non-existent." *Farmer v. Brennan*, 511 U.S. at 844.  Thus, the court stated in *Salahuddin*, that the defendant's believe that his conduct posed no risk of serious harm "need not be sound so long as it is sincere," and "even if objectively unreasonable, a defendant's mental state may be nonculpable." *Salahuddin*, 467 F.3d at 281.

Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates.  *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001)(citations omitted). A difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference.  *Chance v. Armstrong*, 143 F.3d at 703.  Nor does the fact that an inmate feels that he did not get the level of medical attention he deserved, or that he might prefer an alternative treatment, support a constitutional claim.  *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d at 311 (citing *Dean v. Coughlin*, 804 F.2d 207, 215

(2d Cir.1986)). Even negligence in diagnosing or treating an inmate's medical condition does not constitute deliberate indifference. *Farmer v. Brennan*, 511 U.S. at 835. Thus, any claims of medical malpractice, or disagreement with treatment are not actionable under Section 1983. *Ross v. Kelly*, 784 F. Supp. 35, 44-45 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (table).

### B.     Application

Taking plaintiff's allegations as true, even assuming that he had a serious medical need, it is clear that plaintiff simply disagreed with defendants about his treatment. Mere disagreement with prescribed treatment does not rise to the level of a constitutional claim. *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d at 31.

Plaintiff claims that the defendants prescribed generic forms of his medication, caused him to miss outpatient appointments, and misdiagnosed him. The Second Circuit has also held that " [i]t is a common exercise of judgment to place prisoners on generic medications, and this act, without more, does not suggest the recklessness necessary for a constitutional claim of deliberate indifference." *Bryant v. Wright*, No. 10-4945-PR, 2011 WL 6091363, 2011 U.S. App. LEXIS 24405, at *2–3 (2d Cir. December 8, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Hernandez v. Keane*, 341 F.3d 137, 147 (2d Cir. 2003)). Even assuming that his other statements are true, plaintiff, at worst, is alleging negligence in the care provided by defendants. As stated above, negligence, even to the point of malpractice, is insufficient to rise to the level of a constitutional violation. *Sonds v. St. Barnabas Hosp. Correctional*

*Health Services*, 151 F. Supp. 2d at 312.  Accordingly, plaintiff's claim based on defendants' deliberate indifference to his serious medical need should be dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 12) be **GRANTED**, and plaintiff's claim be **DISMISSED IN ITS ENTIRETY** as to all defendants**.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**Dated:** January 17, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge